SAMUEL ALDRICH, executor, *vs.* JOHN R. ALDRICH.

Worcester. Oct. 5. — Nov. 23, 1886. DEVENS & W. ALLEN, JJ., absent.

In an action upon a promissory note, payable "with interest annually," and secured by a mortgage of land, the answer alleged that, there being a breach of the condition of the mortgage, the plaintiff entered upon and took possession of the mortgaged premises for the purpose of foreclosing the mortgage, "and continued in said possession for the term of three years thereafter, when said mortgage was fully foreclosed;" and that the "land was of greater value than the amount of said note at the time of said foreclosure, and said note has been fully paid." It appeared that the plaintiff entered upon and took possession of the mortgaged premises for the purpose of foreclosing the mortgage for condition broken, and remained in possession, taking the rents and profits, until the mortgage was foreclosed by the lapse of three years. The judge refused to rule, as requested by the plaintiff, "that, under the answer and evidence, the annual rents and profits could not properly be allowed in part payment of the note;" found that the note had been fully paid in the value of the mortgaged premises and in the value of the annual rents and profits; and allowed the defendant to amend his answer, by alleging that the rents and profits received by the plaintiff while in possession of the premises were of a certain value, and that the same ought to be applied in reduction of the amount due on the note and interest thereon. No part of the evidence introduced at the trial was objected to as not admissible under the answer, as the answer then stood. *Held,* that the plaintiff had no ground of exception.

CONTRACT upon a promissory note for $2500, dated January 21, 1858, payable on demand to Timothy Aldrich, the plaintiff's testator, " with interest annually," signed by the defendant, and witnessed. Writ dated January 27, 1885. Answer: 1. A general denial. 2. Failure of consideration. 3. The statute of limitations. The defendant filed a supplemental answer, alleging that, on the day the note in suit was executed, the defendant conveyed to the plaintiff's testator in mortgage a certain parcel of land in Oxford, described by metes and bounds, as collateral

security for the payment of said note ; that, the defendant not having paid the note and performed the condition of the mortgage, the plaintiff's testator, on March 17, 1859, made peaceable entry upon and took possession of the mortgaged premises for the purpose of foreclosing said mortgage, "and continued in said possession for the term of three years thereafter, when said mortgage was fully foreclosed;" and that the "land was of greater value than the amount of said note at the time of said foreclosure, and said note has been fully paid."

Trial in the Superior Court, without a jury, before *Aldrich*, J., who reported the case for the determination of this court, in substance as follows:

It appeared that the note in suit was secured by a mortgage upon real estate of the defendant situated in Oxford. The land described in said mortgage contained about one hundred acres, and was divided into woodland, pasture, tillage, and mowing ; and there were no buildings on the premises. In February, 1859, the defendant removed from the Commonwealth, and has never resided here since that date, nor has he since that time ever occupied the mortgaged premises. In March, 1859, the mortgagee, the plaintiff's testator, entered upon the mortgaged premises and took open and peaceable possession of the same for the purpose of foreclosing said mortgage for condition broken, and remained in possession, taking the rents and profits, until the mortgage was foreclosed by the lapse of three years. The defendant bought the premises of the plaintiff's testator in January, 1858. The value of the premises, at the time of the foreclosure of said mortgage, was estimated by several witnesses at from $2200 to $3000.

The judge found, upon the evidence, that the value of the premises, during and at the close of the three years, was $2700; and that the annual rents and profits were at least equal in value to the annual interest on the note.

The plaintiff asked the judge to rule, as matter of law, that he was entitled to interest upon the principal of the note to the time when the foreclosure of the mortgage became absolute ; that the value of the premises at that time should be deducted from the amount then due on the note, including principal and interest ; that the plaintiff was entitled to recover in this action

the balance thus found to have been due on the note ; and that, under the answer and evidence, the annual rents and profits could not properly be allowed in part payment of the note. The judge ruled as requested in relation to the allowance of interest on the note, and refused to rule as requested in relation to the allowance of rents and profits ; found that the value of the premises, at the time of the foreclosure and at the time the mortgagee took possession, was $2700, and that the annual rents and profits were at least equal to the annual interest on the note for said three years, and that the note had in that manner been fully paid, that is, in the value of the mortgaged premises and in the value of the annual rents and profits ; and found for the defendant.

After the above finding, the judge, against the plaintiff's objection, allowed the following amendment to the supplemental answer : " And the defendant says, that, after March 17, 1859, the plaintiff's testator had actual possession of the premises described in said mortgage deed, and received the rents and profits of the same until the time of the absolute foreclosure of said mortgage, and said rents and profits were of great value, to wit, of the value of five hundred dollars, and the defendant says that the same ought to be applied in reduction of the amount due on said note and of the interest thereon." No part of the evidence introduced at the trial was objected to as not admissible under the answer, as the answer then stood.

If the judge erred in his refusal to rule as above requested, or in the allowance of the second amendment, or in his final decision of the case, that decision was to be set aside, and a new trial granted; otherwise, judgment to be entered on the finding.

*F. A. Gaskill*, for the plaintiff.

*T. G. Kent*, for the defendant.

FIELD, J. Whether there was sufficient evidence to enable the court to find that the value of the annual rents and profits was at least equal to the annual interest on the note, is a question not raised in the report. The evidence on this subject does not appear to have been fully stated in the report. The objections of the plaintiff are to the refusal of the court to rule " that, under the answer and evidence, the annual rents and profits

could not properly be allowed in part payment of the note; " to the allowance by the court of the defendant's second amendment; and to the finding that the note had been fully paid, which was reached by debiting the plaintiff with the value of the rents and profits for the three years after he took possession. The supplemental answer, which must be considered as the defendant's first amendment, alleged that the plaintiff's testator made peaceable entry upon and took possession of the mortgaged premises on March 17, 1859, and continued in said possession for the term of three years thereafter, "when said mortgage was fully foreclosed; " and that the "land was of greater value than the amount of said note at the time of said foreclosure, and said note has been fully paid." No part of the evidence introduced at the trial was objected to as not admissible under the answer, as the answer then stood. This must include the evidence of the value of the rents and profits. When evidence has been introduced without objection upon a matter necessarily involved in taking an account between the parties, and there is nothing to indicate that either party has been taken by surprise, or that the matter has not been fully and fairly tried, there ought not to be a new trial because the pleadings were not in every particular so specific as they ought to have been. The note expressly drew interest. The plaintiff must account, not only for the value of the land, but also for the rents and profits, if he received any while in possession. All this was evident to both parties.

The Pub. Sts. *c.* 167, § 42, permit amendments at any time before final judgment; and, if the supplemental answer did not, with sufficient certainty, allege that the plaintiff had received rents and profits which ought to be applied toward the payment of the principal and interest on the note, it was within the discretion of the Superior Court to permit the defendant to amend his answer, and the original objection, if there were ever anything in it, became immaterial. It does not appear that the plaintiff has in any respect been prejudiced by this action of the court.                         *Judgment on the finding.*